[Cite as *State v. Moore*, 2013-Ohio-5009.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| BRIAN W. MOORE | : | Case No. 13CA10 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Richland County
                            Court of Common Pleas, Case No.
                            12-CR-795D

JUDGMENT:                   Affirmed

DATE OF JUDGMENT:           November 7, 2013

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JAMES J. MAYER, JR.                     RANDALL E. FRY
Prosecuting Attorney                    10 West Newlon Place
                                        Mansfield, OH 44902
By: JILL M. COCHRAN
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, OH 44902

*Baldwin, J.*

{¶1} Defendant-appellant Brian Moore appeals his conviction and sentence from the Richland County Court of Common Pleas on one count of failure of a sexually oriented offender to notify of change of address. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On November 13, 2012, the Richland County Grand Jury indicted appellant on one count of failure of a sexually oriented offender to notify of change of address in violation of R.C. 2950.05(E)(1), a felony of the third degree. At his arraignment on November 20, 2012, appellant entered a plea of not guilty to the charge.

{¶3} A jury trial was held on January 10, 2013. The following testimony was adduced at trial.

{¶4} Pursuant to a Judgment Entry filed on August 22, 2001 in Huron County, appellant, who was found to be a habitual sex offender, was required to verify his residence address in person at the County Sheriff's Office once a year for twenty years. He also was required to notify the Sheriff with whom he had most recently registered of any change of address at least seven days prior to any change of address.

{¶5} Pursuant to a Sentencing Entry filed in Richland County Case No. 2008-CR-0606D, appellant, who had been convicted of failure to provide change of address, was ordered to advise his Probation Officer and the Sheriff of any address change. Subsequently, appellant, in 2011, was convicted in Richland County Case No. 2011-CR-73D of failure to notify of change of address after pleading guilty.

{¶6} Connie Walls, who is in charge of registering sex offenders for the Richland County Sheriff's Office, testified that appellant came into their office after

moving into Richland County from Huron County where he was originally registered. According to Walls, appellant came into her office on July 16, 2012 and registered his expected address, which was at 34 West Main Street in Shiloh, Ohio. The form that appellant signed listed his specific registration requirements.

{¶7}    On August 14, 2012, appellant personally appeared in the Richland County Sheriff's Office to notify that he had left his prior address and was homeless. The form appellant signed on such date indicated that he expected to be homeless in Shiloh, Ohio.  The form stated that appellant was required to register in person no later than November 15, 2012 with the Richland County Sheriff's Office.  The form also contained a handwritten note from Walls informing appellant that he was to report to the Sheriff's Office by August 22, 2012 or sooner if a residence was established. Appellant's initials are by the notation. Wall testified that she informed appellant that he was required to be present at the Sheriff's Office in person and that appellant did not give her any reason why he would be unable to comply.

{¶8}    Wall testified that on August 22, 2012, appellant did not appear. She stated that on such date, she had received a message from appellant stating that he was going to be having surgery and could not come in. Appellant left a second message for Walls on August 24, 2012 stating that he was going to be moving to 3 DeWeese Place, Apartment A in Mansfield, Ohio. According to Walls, appellant never appeared in person from August 22, 2012 through October 2, 2012, never left her any other messages and did not contact her by phone again. He also never registered an address on 705 Xenia Avenue in Dayton, Ohio and never registered a 1995 black Chevy Lumina with the Richland County Sheriff's Office.

{¶9}     At the trial, Walls testified that she received a telephone call from Bill Spognardi who was renting or going to rent an apartment at 3 DeWeese Place to appellant. Spognardi was concerned about whether or not appellant had been complying with his registration requirements. Walls testified that Sporgnardi left a message for her on September 11, 2012 indicating that he was probably going to be evicting appellant because he saw officers checking appellant's whereabouts and was concerned that appellant was not in compliance with his reporting requirements. Spognardi told Walls that he had discussed the matter with appellant.

{¶10}    At trial, Jennifer Godsey, a police officer with the City of Dayton, testified that, on October 2, 2012, she was patrolling in uniform in a marked cruiser when she came into contact with a 1995 black Chevy Lumina. The vehicle had been listed as stolen.   Officer Godsey testified that appellant was the driver of the vehicle and that there were two passengers, one a woman and one a man. She testified that she was able to ascertain where the vehicle had come from after locating the vehicle in an alley. Officer Godsey testified that she learned that appellant had been selling scrap metal with a female companion in Dayton, Ohio and that a video of the sale showed that appellant did not have any difficulty lifting scrap or bending over.

{¶11}    Officer Harry Dilley of the Dayton Police Department testified that on October 2, 2012, he was checking nuisance abated properties on Xenia Avenue in Dayton with his partner.   He went into 705 Xenia and heard a noise upstairs. When Officer Dilley and his partner went upstairs to check, he found one room with a mattress covered by a sheet in the middle of the floor.   After opening the closet door in the room, the Officer found appellant and a woman inside crouching inside the back of the closet.

Upon searching appellant, the Officer located the key to the Lumina. When asked, he did not know how long appellant had been at the 705 Xenia address.

{¶12} The next witness to testify was Deputy Rich Eichinger of the Richland County Sheriff's Office who testified that he was familiar with appellant. Deputy Eichinger testified that on September 5, 2012, at the request of Connie Walls, he drove by the DeWeese Place address with U.S. Federal Marshall Ross Wilbur. He testified that upon arriving, he observed appellant walking southbound down DeWeese and then walk into 3 DeWeese. Appellant did not appear to have any difficulty walking. U.S. Marshall Wilbur testified that he had been shown a photograph of appellant and that he observed a man who he believed was appellant walk up the street and enter a residence at 3 DeWeese.

{¶13} Appellant's Parole Officer, Brian Houseworth, testified that he last saw appellant on August 14, 2012 and last spoke with him on August 23, 2012. He testified that appellant indicated that he was going to be having hernia surgery.

{¶14} At the conclusion of the evidence and the end of deliberations, the jury, on January 10, 2012, found appellant guilty of failure to give notice of a change of his residence address. As memorialized in a Sentencing Entry filed on January 11, 2013, appellant was sentenced to three (3) years in prison.

{¶15} Appellant now raises the following assignment of error on appeal:

{¶16} THE VERDICT OF GUILTY AGAINST THE DEFENDANT-APPELLANT FOR COMMITTING THE CRIME OF FAILURE OF A SEXUALLY ORIENTED OFFENDER TO NOTIFY OF CHANGE OF ADDRESS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

I

{¶17}   Appellant, in his sole assignment of error, argues that his conviction for failing to notify of change of address is against the manifest weight of the evidence. We disagree.

{¶18}   Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, *State v. Thompkins* , 78 Ohio St.3d 387, 678 N.E.2d 541, 1997–Ohio–52. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." *State v. Thompkins,* supra, 78 Ohio St.3d at 387, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist  1983). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), syllabus 1.

{¶19}   Appellant, in the case sub judice, was convicted of failure of a sexually oriented sex offender to notify of change of address in violation of R.C. 2950.05(E)(1).

Appellant now maintains that his conviction is against the manifest weight of the evidence because appellee failed to prove that he was not still "homeless' during the period between August 22, 2012 and October 2, 2012 as set forth in the indictment.

{¶20} As is stated above, appellant, on August 14, 2012, went to the Richland County Sheriff's Office and listed his address as "homeless". The form signed by appellant stated that "[s]ince your expected residence address as stated above is located in Richland County, you shall register in person no later than 11/15/2012" with the Richland County Sheriff's Office. The form also contains a handwritten notation initialed by appellant that directs appellant to "[b]e here by 8-22-12 or sooner if residence is established." Appellant never appeared in person on or after such date even though he was advised by Walls that he needed to do so.

{¶21} Rather, on August 24, 2012, appellant left a message for Walls indicating that he would be moving to 3 DeWeese Place, Apartment A in Mansfield. Appellant never appeared in person to register such address.

{¶22} Testimony was adduced that when Deputy Eichinger and U.S. Marshall Wilbur went to the 3 DeWeese address at the request of Connie Walls, they observed appellant go into 3 DeWeese. In addition, Connie Walls testified that she received a telephone call from Bill Spognardi, who had seen the above officers at the 3 DeWeese address and was concerned that appellant was not in compliance with his registration requirements. Spognardi told Walls that he probably was going to be evicting appellant. Based on the foregoing, we find that the jury did not lose its way in finding that appellant was living at the DeWeese address and that he never registered the address in person. While appellant alleges that he did not appear in person on August 22, 2012 because

he had surgery on such date, there is no evidence that appellant had surgery or that his surgery prevented him from registering in person.

{¶23}   Appellant's sole assignment of error is, therefore, overruled.

{¶24}   Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

CRB/dr

[Cite as *State v. Moore*, 2013-Ohio-5009.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRIAN W. MOORE | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 13CA10 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs assessed to appellant.


_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE